**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

**Stephen Drelick, and
Drelick Holdings, LLC**

      v.                                  **Civil No. 08-cv-112-JL
                                       Opinion No. 2008 DNH 118**

**Innovative Development Company,
LLC, John Powers Associates, Inc.
John Powers, and Ryan Byther**

### MEMORANDUM AND ORDER

The plaintiffs, Stephen Drelick and his company Drelick
Holdings, LLC, brought an action in New Hampshire state court
against the defendants, a mortgage brokerage firm and its
principals, alleging the unlawful refusal to disburse over
$122,000 in loan proceeds.  The defendants removed the action to
this court, see 28 U.S.C. § 1441, invoking its diversity
jurisdiction.  Id. § 1332(a).  The plaintiffs have responded with
a motion to:  (1) amend the complaint to join additional non-
diverse defendants, and (2) remand the action to the state court
based on the resulting lack of diversity jurisdiction.  After a
hearing, and for the reasons that follow, the plaintiffs' motions
to amend and to remand are denied.

I.   **BACKGROUND**[1]

In 2005, the plaintiffs, Stephen Drelick and Drelick
Holdings, LLC (collectively "Drelick"), both residents of New
Hampshire, obtained a $3.2 million loan from UPS Capital Business
Credit to finance the construction of the Rockingham Athletic
Club in Plaistow.  Drelick hired John Powers and John Powers
Associates, Inc., Maine residents, to do the architectural work,
and Shawn Meuse and Advanced Design and Construction, New
Hampshire residents, as his general contractor.

After financial difficulties stalled the construction
project, Drelick retained Alpine Mortgage and began working with
one of its agents, Ryan Byther, a resident of Maine, to secure
additional financing.  Soon thereafter, Byther left Alpine
Mortgage to form a new mortgage brokerage firm, Innovative
Development Company, LLC--a named defendant and resident of
Maine[2]--with Powers and Meuse.  With the assistance of Byther and

---

[1]  The background information is taken from the plaintiff's
complaint and the parties' pleadings.

[2]  For purposes of diversity jurisdiction, the citizenship
of a limited liability company is determined by the citizenship
of its individual members.  See Pramco, LLC v. San Juan Bay
Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006).  Byther and
Powers, the members of the LLC, are both residents of Maine.

Innovative Development,[3] Drelick obtained a $589,000 loan commitment ("the second loan") from UPS Capital to complete construction of the project.

On December 28, 2007, Drelick closed on the second loan and turned over the loan proceeds to Innovative Development to cover a variety of construction costs and outstanding debts.  Several months later Byther presented Drelick with a proposed schedule which outlined how he intended to disburse the money.  Upon review of the schedule, Drelick discovered $122,231.55 in proposed payments that he had not approved--including a $25,000 payment to Meuse and Advanced Design for construction work. Drelick notified the defendants of these disputed payments, but they nonetheless sent him a check for $17,314.88, representing the balance of the second loan after all of the proposed payments, including those in dispute, had been made.

On March 14, 2008, Drelick filed suit against the defendants--Innovative Development, John Powers Associates, John Powers, and Ryan Byther--in Rockingham County Superior Court, seeking damages in the amount of the disputed payments and injunctive relief.  Less than two weeks later, on the morning of

---

[3]  In addition to assisting Drelick obtain secondary financing, the defendants made a series of loans to Drelick to allow him to stay current on the primary loan.

the state court injunction hearing, defense counsel called counsel for Drelick and notified him of their intent to remove the case to federal court.  In response, Drelick's counsel stated his intent to join two residents of New Hampshire, Shawn Meuse and Advanced Design, thereby eliminating the basis for diversity jurisdiction under 28 U.S.C. § 1332.  After their conversation, defendants removed the case to federal court.  Two days after removal, Drelick moved:  (1) to amend the complaint to add Shawn Meuse and Advanced Design as additional non-diverse defendants, and (2) to remand the case to state court on the ground that there was no longer complete diversity of citizenship.

II.  **APPLICABLE LEGAL STANDARD**

A single statute governs both issues before the court.  As part of the Judicial Improvements and Access to Justice Act of 1998, Congress enacted 28 U.S.C. § 1447(e), which provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court.[4]

---

[4] Section 1447(e) supersedes Federal Rule of Civil Procedure 15, which specifically allows a plaintiff to "amend its pleading once as a matter of course at any time before a response pleading is served."  Fed. R. Civ. P. 15; see also Mayes v. Rapoport, 198 F.3d 457, 462 n.11 (4th Cir. 1999); Doe v. Soc'y for Creative Anachronism, Inc., Nos. 1439-1440, 2007 WL 2155553,

Section 1447(e) grants courts the discretion to determine whether or not to permit joinder of non-diverse defendants.  See Casas Office Machs. v. Mita Copystar Am., 42 F.3d 668, 674-75 (1st Cir. 1994); Kelley v. Vt. Mut. Ins. Co., 407 F. Supp. 2d 301, 305 (D. Mass. 2005) (observing that the permissive language of § 1447(e) "makes clear that Congress granted the courts broad discretionary power"); see also Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987).  The court's discretion is not restricted by the status of the party to be joined as "indispensable" or "necessary," see Casas, 42 F.3d at 673-75,[5] but is instead guided by a variety of "equitable factors that depend upon the circumstances." Schrepfer v. Framatome Connectors USA, Inc., 115 F. Supp. 2d 182, 186 (D.N.H. 1999).

---

at *3 (E.D. Pa. July 25, 2007).  Therefore, the plaintiff "may not rely on Rule 15(a) to amend the pleading without leave of court and such an amendment must be analyzed pursuant to § 1447(e)."  See Schindler v. Charles Schwab & Co., No. 05-0082, 2005 WL 1155862, at *2 (E.D. La. May 12, 2005).

[5] See also Irizarry v. Marine Powers Int'l, 153 F.R.D. 12, 14 (D.P.R. 1994) ("Virtually every court confronted with this issue has unanimously agreed that the statute compels a court to focus on whether joinder would be 'equitable' instead of being based on whether a party is indispensable."); Fed. R. Civ. P. 19 (required joinder of necessary parties); 14C Charles Alan Wright, et al., Federal Practice and Procedure § 3739, at 445 (3d ed. 1998) ("Section 1447(e) gives the court more flexibility than a strict Rule 19 analysis").

While the categorization of a party as indispensable "does not affect the Court's weighing of the equities," <u>Maille v. United States Postal Serv., Inc.</u>, No. 08-cv-66-GZS, 2008 WL 2164566, at *1 (D. Me. May 21, 2008), it does affect the court's options on disposition of the motion.  Where the party proposed to be added is indispensable, the court may deny joinder and dismiss the case, <u>see</u> Fed. R. Civ. P. 19, or allow joinder and remand the case to the state court.  <u>See</u> <u>Casas</u>, 42 F.3d at 675. If the party is dispensable, however, the court may either deny joinder and retain jurisdiction over the case, or permit joinder and remand the case to state court.  <u>Id.</u>  The court cannot both allow joinder of a non-diverse party and retain jurisdiction. <u>Id.</u>

Where a plaintiff seeks to join a non-diverse party after removal on the basis of diversity jurisdiction, the court "should scrutinize that amendment more closely than an ordinary amendment" in order "to balance the defendant's interest in maintaining the federal forum with the competing interests in not having parallel lawsuits." <u>Hensgens</u>, 833 F.2d at 1182.  When balancing the equities of a proposed joinder, courts consider a number of factors, including "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether

6

plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Id. (cited with approval in Casas, 42 F.3d at 675 n.8).

III. **ANALYSIS**

Here, Drelick argues that these factors weigh in favor of the amendment, and specifically that his motive is not to destroy diversity, but to join Meuse as an associate of Byther and Powers at Innovative Development whose involvement renders him similarly culpable.  Moreover, at oral argument, Drelick asserted that under Righetti v. Shell Oil Co. his motive is irrelevant to the joinder analysis so long as he is able to state a bona fide claim against the non-diverse defendant.  See 711 F.Supp. 531 (N.D. Cal. 1989).  Finally, Drelick argues that he cannot obtain adequate relief without the joinder as Meuse and Advanced Design possess $25,000 in unauthorized payments made by Innovative Development.  The defendants counter that Drelick is merely trying to divest the court of its jurisdiction by adding non-diverse defendants who, if they were as integral to the case as Drelick now suggests, would have been named in the original state court complaint.  They argue that "[t]he very quick filing of the motion to amend following the Defendants' removal of this action to federal court confirms this conclusion."

The record before the court suggests that the defendants are
correct; Drelick appears to be partially, and likely primarily,
motivated by a desire to divest the court of jurisdiction by
destroying diversity.  Drelick's state court complaint repeatedly
refers to Meuse and Advanced Design and discusses the extent of
their involvement with Innovative Development over a number of
years,[6] yet fails to name either party as a defendant.  Nowhere
in the pleadings in support of his motion has Drelick provided a
persuasive explanation for the failure to sue Meuse and Advanced
Design in state court, explained what changed circumstance makes
joinder necessary, or pointed to a unique state procedure or
remedy necessary to protect their interests against Meuse and
Advanced Design.[7]  Indeed, Drelick's proposed amended complaint
is factually identical to, and alleges no conduct occurring
subsequent to the filing of, the earlier state court writ.

Instead, Drelick describes at length the extent of Advanced
Design and Meuse's entanglement with Innovative Development,

_____

[6]  In the state court complaint, Shawn Meuse and Advanced
Design are specifically referred to by Drelick at least twelve
times, and Meuse's involvement in the underlying facts of the
case is described throughout.

[7]  Drelick's counsel explained at the hearing that these
parties were not named in the original complaint through
inadvertence resulting from the "time pressure to get into court
as quickly as possible to get an injunction."

8

stating they were "integrally involved in the transactions and events giving rise to Plaintiffs' claims" and that Meuse "was directly involved in the operation of Defendant IDC."  Even if accurate, these assertions fail to convince the court that the primary purpose of the amendment is other than to destroy the court's diversity jurisdiction.  See Schindler v. Charles Schwab & Co., Inc., No. 05-0082, 2005 WL 1155862, at *2 (E.D. La. May 12, 2005) (where plaintiffs "knew of a non-diverse defendant's identify and activities suggests that the purpose of the amendment is to destroy diversity jurisdiction").  In fact, from the sequence of events established at the hearing on the motion, Drelick was prepared to go forward on the injunction hearing in state court on March 27, 2008, the day after the defendants removed, without Meuse or Advanced Design--parties he now claims are necessary for him to obtain adequate relief.

        Nor is the court persuaded by Drelick's argument that Righetti stands for the legal proposition that motive (in seeking the proposed amendment) is irrelevant where he has stated a bona fide claim against Meuse and ADC.  To the contrary, the same court that decided Righetti nearly twenty years ago, has repeatedly rejected this position, recently stating--in a case where the plaintiff stated a legitimate claim against the defendant he sought to join--that "the motive of a plaintiff in

seeking the joinder of an additional defendant <u>is relevant</u> to a trial court's decision to grant the plaintiff leave to amend his original complaint." <u>Walsh v. Home Depot U.S.A., Inc.</u>, No. C-06-4207, 2006 WL 2884411, at *4 (N.D. Cal. Oct. 10, 2006) (emphasis added); <u>see also</u> <u>Gunn v. Wild</u>, No. C-01-4320, 2002 WL 356642, at *3 (N.D. Cal. Feb. 26, 2002) (treating the validity of the claim as one of six factors to be considered, in addition to motive, when analyzing a proposed joinder).

As for whether Drelick has been dilatory in seeking the amendment, he moved to join the non-diverse parties shortly after defendants removed to federal court.  <u>See</u> <u>Rapoport</u>, 198 F.3d at 463 (noting that courts carefully scrutinize attempts to add a non-diverse defendant after removal).  While the diligence with which Drelick sought this amendment could weigh in favor of joinder, that factor cuts both ways in the context of a post removal request.  <u>Compare</u> <u>Hensgens</u>, 833 F.2d at 1182 (dilatory tactics in seeking amendment weigh in favor of allowing joinder), <u>with</u> <u>Rapoport</u>, 198 F.3d at 463 (careful scrutiny of amendment sought immediately after removal) <u>and</u> <u>Sutton v. Hollywood Entm't Corp.</u>, 181 F. Supp. 2d 504, 508 (D. Md. 2002) (relevant time period is that which elapses between removal and the proposed amendment, not the filing of the complaint and the amendment).

Denial of the amendment will have little or no prejudicial effect on Drelick's claims, as they can be pursued against Meuse and Advanced Design in state court.  Indeed, as Stephen Drelick, Drelick Holdings, and the parties they seek to join are all residents of New Hampshire, and their dispute involves claims grounded in state law, the New Hampshire Superior Court is ideally suited to adjudicate their dispute.  In any event, should Drelick desire to pursue the claims against these defendants that he neglected to include in his state court writ of summons, he will have "an opportunity to bring [his] claims against the individual defendants in state court, [and] denying [his] motion to join them in this action would not cause [him] significant injury."  <u>Schrepfer</u>, 115 F. Supp. 2d at 187.

**IV.   <u>CONCLUSION</u>**

After considering the equitable factors relating to the proposed joinder, Drelick's motion to join Shawn Meuse and Advanced Design as defendants is denied without prejudice to the filing of any future dispositive motions.  As Drelick concedes that the non-diverse defendants are not indispensable within the meaning of Rule 19, the court shall retain jurisdiction and Drelick may proceed with his claims against the already named

11

defendants in this court.  Therefore, Drelick's motion to remand the case to state court is also denied.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Date:  June 13, 2008

cc:  Christopher H.M. Carter, Esq.
     Daniel Miville Deschenes, Esq.
     David A. Anderson, Esq.

12